[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have filed a complaint in the nature of a bill of discovery in equity seeking to have the defendant Waterbury Board of Education answer a number of interrogatories. The interrogatories will, the plaintiffs hope, enable them to discover the identity of a tortfeasor alleged to have contaminated their home with mercury. (The plaintiffs believe that the mercury may CT Page 8540 have been stolen from a Waterbury school). The injuries sustained by the plaintiffs from mercury poisoning appear from the pleadings to be serious. Unfortunately, the parties have, at the very commencement of this action become involved in a procedural morass. Such a morass is perhaps understandable since bills of discovery, while ancient in their history, are infrequently used in modern times.
The return date of the complaint is June 11, 1991. The defendants, who have appeared, have not yet filed an answer. On August 30, 1991, the plaintiffs filed a motion for default for failure to comply with their bill of discovery. On September 12, 1991, the defendants filed an objection to the plaintiffs' motion. Both the motion and the objection are accompanied by memoranda arguing the merits of the action: i.e. why the bill of discovery is or is not appropriate. The questions raised by the parties are important, but the procedure used to raise them is inappropriate under our rules of practice.
Section 1 of the Rules of Practice states that, "[t]he rules for the superior court govern the practice and procedure in the superior court in all actions of a civil nature, whether cognizable as cases at law, in equity or otherwise." Bills of discovery are expressly referred to in the Rules of Practice, 235, and there are no special pleading rules associated with them. An appearing party may be defaulted only for failure to plead or for failure to comply with the pretrial discovery provisions of the Practice Book. P.B. 363. Of course, even in the context of failure to comply with pretrial discovery, default is hardly automatic. P. B. 231 provides the court with a number of remedies short of default even in that situation. Here, however, discovery is the actual relief sought in the complaint. Absent some conventional default, the plaintiffs must prove that they are entitled to the relief they seek. For these reasons, the motion for default for failure to comply with the bill of discovery must be denied.
If the defendants wish to contest the legal sufficiency of the allegations of the complaint or of any prayer for relief it contains, they must do so by a motion to strike. If they do not, they must file an answer, and the case must proceed to an evidentiary hearing at which the plaintiffs must prove that they are entitled to the relief they seek.
The defendants are ordered to file either an answer or a motion to strike within twenty days of the date of this decision.
JON C. BLUE JUDGE OF THE SUPERIOR COURT CT Page 8541